## Hilbert v. Fenley.

(Decided January 26, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

1. Trial—Instructions.—It is not error for the trial court to instruct the jury in the language of the petition if the evidence tends to support such averments.

2. Negligence—Damages—Injuries Caused by Sudden Starting of Truck.—Where the plaintiff relies upon the negligence of the driver of a truck in suddenly starting the truck forward as basis for his recovery for injuries caused through his falling from the truck, he cannot complain that the trial court adopted the same expression and directed the jury to find for him if it believed from the evidence that the driver of the truck suddenly started same forward causing the plaintiff to fall therefrom, where the evidence of the plaintiff supports the averments of the petition.

3. Negligence—Operation of Truck.—A start of a truck must necessarily be sudden which takes place between the time one lifts his foot from the running board and starts it on the way to the pavement, only fourteen to eighteen inches away, and before the foot reaches said pavement.

MATT O'DOHERTY for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Hilbert instituted this action in the Jefferson circuit court against appellee Fenley for the recovery of $25,000.00 damages for injuries to his person, sustained by Hilbert when he fell from the truck of Fenley and was run over and injured. The jury found and returned a verdict for appellee Fenley, and Hilbert prosecutes this appeal.

Appellant Hilbert says the judgment should be reversed because the instruction given by the trial court to the jury was erroneous. In his petition he averred that while he was riding in the truck as a guest of appellee Fenley and had reached his destination and had asked appellee to allow him to alight, that appellee Fenley brought the car to a stop, and while appellant was attempting to alight from the truck appellee "by and through his gross carelessness and negligence *suddenly*

*started* said auto truck forward, and by reason thereof the plaintiff was thrown to the pavement and the wheels of the truck ran upon him and his left leg and foot were fearfully crushed, torn and mangled, and that he was cut and bruised on other parts of his body and rendered sick and sore." The plaintiff, now appellant Hilbert, testified that he requested appellee Fenley to stop the truck and allow him to alight and that pursuant to his request Fenley brought the truck to a stop and appellant Hilbert was in the act of alighting, with his right foot on the running board and his left foot on its way to the ground, when appellee Fenley, then in charge and control of the truck, without warning to appellant started the said truck, causing appellant to be thrown to the ground in front of the rear wheel of the truck, which ran over his leg and caused the injury of which he complains.

Appellant Fenley's version of the accident is very different from that given by appellant. He says that he was driving past the Avery factory, in Louisville, on his way home about 5:30 on an afternoon in August, 1919, when about 500 or 600 men came out of the factory into the streets in front of him and blockaded his way so that he had to bring his truck to a very slow rate of speed, and that while he was thus driving appellant and other men climbed on to his truck to ride; that at that time there was a street car strike on in the city of Louisville and no cars were running; that appellant rode with him on the seat of the truck until he reached his home about three miles from the Avery shops, when appellant said to appellee: "There is where I live," and began to get down off his seat as if he was going to alight; that at that time appellant was driving at the rate of 15 or 20 miles per hour and he said to appellant: "Wait, wait;" but that before he could stop the truck appellant stepped off and fell and was injured.

The court instructed the jury in conformity to the averments of the petition and the evidence in the case, to find for appellant Hilbert if it believed from the evidence that he was, with the knowledge of appellee, in the act of alighting from the standing truck, and it was *suddenly started* by appellee Fenley and appellant was caused to fall and was thereby injured. Following this the court gave conversely substantially the same instruction. Appellant objected to the giving of the instruction as prepared by the court because it employed the

expression "suddenly started," but his objection was overruled and he excepted to the ruling of the court.

As it is the theory of appellant Hilbert that the truck, which was under the control of appellee Fenley, was brought to a full stop in order to allow appellant to alight from it, and that while he was attempting to alight from the truck and after he had lifted one foot from the running board and was lowering it to the ground, a distance of from 14 to 18 inches, the car was started by appellee Fenley in such way as to jerk and cause appellant to fall, we are unable to see how the instruction, which in substance followed the averments of the pleading and the evidence, could have been prejudicial to the substantial right of appellant even though it did employ the words "suddenly started." Could the jury have believed from the statement of appellant in his evidence that the machine, if started at all while he was alighting, was started other than suddenly, if the start was made after his left foot was lowered from the running board of the car on its way to the ground and before that foot had reached the ground? Such movement of the foot would have required but an instant of time. Necessarily the start, if made as contended by appellant, was sudden. It could not have been otherwise if appellant's evidence is to be accepted as true. While the instruction might have been differently stated, it was in the language of the averment of plaintiff's petition and presented concisely and completely, as it appears to us, appellant's theory of his case. Having so averred and directed his evidence to proving the averment, he has no substantial grounds for complaint, and the judgment must be and is affirmed.